Filed 9/26/16  P. v. Perez CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>OSCAR R. PEREZ,<br><br>        Defendant and Appellant. | B267493<br><br>(Los Angeles County<br>Super. Ct. No. A764393) |

APPEAL from a judgment of the Superior Court of Los Angeles County, David M. Horwitz, Judge.  Reversed and remanded.

Leonard J. Klaif, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Susan Sullivan Pithey, Supervising Deputy Attorney General, Mary Sanchez, Deputy Attorney General, for Plaintiff and Respondent.

Defendant and appellant Oscar Rivas Perez (defendant), who is serving a life sentence for a federal criminal conviction, petitioned to reduce his 1987 California drug possession conviction to a misdemeanor under Proposition 47. The trial court found he was ineligible for relief and denied his petition. Defendant then filed a motion for reconsideration, which the trial court neither granted nor denied. Instead, the clerk of the Superior Court transmitted to this court—and served on defendant—a Notice of Filing of Notice of Appeal, which attached a copy of defendant's reconsideration motion. We are asked to decide whether this sequence of events invokes our appellate jurisdiction, and if so, whether the trial court correctly denied defendant's petition for Proposition 47 relief.

## I. BACKGROUND

In 1987, defendant was convicted of violating Health and Safety Code section 11350, which makes it a felony to possess a controlled substance (the Section 11350 Conviction). He was sentenced to 147 days in county jail and three years on probation. Later, in 1991, he received a sentence of life in prison for a separate federal conviction. Defendant asserts this sentence was "structured and imposed in consideration of" the earlier 1987 conviction.

Following enactment of Proposition 47, the Safe Neighborhood and Schools Act, defendant filed an Application/Petition for Resentencing as authorized by a statutory provision Proposition 47 added to the Penal Code, section 1170.18. The petition asked the superior court to reduce defendant's Section 11350 Conviction to a misdemeanor.[1] Defendant's petition revealed he was "[s]erving [a] life sentence due to prior."

The superior court denied defendant's Petition on August 3, 2015, finding he was ineligible for Proposition 47 relief because he has a prior conviction and is serving a life sentence.

---

[1] In his Petition, defendant states his conviction date is March 27, 1985; however, in his accompanying papers he refers to a 1987 conviction for the crime that occurred on or about March 27, 1985.

2

Defendant thereafter filed a document captioned "Petitioner's Motion Seeking Reconsideration of Order Denying Proposition 47" (the Motion). The record indicates defendant signed and mailed the Motion on August 13, 2015, and the superior court filed it on September 8, 2015. The Motion was never granted or denied by the assigned trial judge. Instead, the clerk of the superior court prepared a "Notice of Filing of Notice of Appeal" and submitted it to this court on October 6, 2015—attaching a copy of the Motion as the ostensible notice of appeal filed by defendant. In addition to sending this court a copy of the "Notice of Filing of Notice of Appeal," the clerk of the superior court served a copy on defendant by mail.

## II. DISCUSSION

The transmittal of the Notice of Filing of Notice of Appeal to this court indicates the superior court treated defendant's Motion as a notice of appeal, and defendant, having been served with a copy, would have reasonably understood the same. We hold our appellate jurisdiction has been adequately invoked under the circumstances. Turning to the merits of the appeal, we agree with the Attorney General there is not sufficient evidence in the record to support the trial court's reason for denying defendant's petition. We accordingly remand the matter to the trial court to redetermine the matter after appropriate factual development.

### A.    *We Have Jurisdiction to Decide the Appeal*

The timely filing of a notice of appeal vests jurisdiction in this court, and we have no jurisdiction to consider an appeal in the absence of such a timely filed notice. (Pen. Code, § 1239; Cal. Rules of Court, rule 8.304(a); *People v. Mendez* (1999) 19 Cal.4th 1084, 1094 [defendant must generally file notice of appeal within 60 days after judgment].) The California Rules of Court provide that upon filing of a notice of appeal, the clerk of the superior court "must promptly send a notification [of the filing of the notice of appeal] to the attorney of record for each party, to any unrepresented defendant, [and] to the reviewing court clerk." (Cal. Rules of Court, rule 8.304(c).) That is

3

precisely what the clerk of the superior court did in this case when defendant filed the Motion, and under the circumstances (including the absence of any trial court ruling on the merits of the Motion, which was filed within the 60-day time frame for filing a notice of appeal), we are convinced the superior court deemed the Motion a notice of appeal. (See Cal. Rules of Court, rule 8.304(a)(4) ["The notice of appeal must be liberally construed"].) Seeing no reason to overturn that determination, that is sufficient to invoke our jurisdiction.

### B.    Defendant's Proposition 47 Petition

Defendant's Section 11350 Conviction is for an offense that is among those eligible for Proposition 47 relief. (Pen. Code, § 1170.18, subd. (a); see also Pen. Code, § 1170.18, subd. (f) [authorizing a person who has already completed his or her sentence to file a petition for a recall of sentence].) A defendant is not eligible for relief, however, if he or she has "one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667." (Pen. Code, § 1170.18, subd. (i).) Among the offenses described in that subdivision is "[a]ny serious and/or violent felony offense punishable in California by life imprisonment or death." (Pen. Code, § 667, subd. (e)(2)(C)(iv)(VIII).)

If defendant sustained a conviction for a serious and/or violent felony, even one that occurred after the conviction that is the subject of his Petition, Penal Code section 1170.18, subdivision (i) would bar his petition to redesignate the Section 11350 Conviction as a misdemeanor. (*People v. Montgomery* (2016) 247 Cal.App.4th 1385, 1391-1392 [Proposition 47 relief is not available to defendant who sustained a prior conviction for an offense described in subdivision (i) "at any time before filing the redesignation application"].) In denying defendant's Petition, however, the trial court relied only on "Petitioner's own documents indicating that he has [a] prior conviction resulting in life in prison sentence."

Respondent concedes the trial court's determination was error, and we agree. Although defendant apparently received a life sentence for his federal offense, we see

4

nothing in the record that would establish the conviction for which defendant received that sentence was a serious or violent felony, which includes, among other things, a felony that is punishable by life imprisonment or death in California. (Pen. Code, §§ 667, subd. (e)(2)(C)(iv)(VIII), 667.5, subd. (c)(7), 1192.7, subd. (c)(7); see also *People v. Avery* (2002) 27 Cal.4th 49, 53 ["To qualify as a serious felony, a conviction from another jurisdiction must involve conduct that would qualify as a serious felony in California"].)

## DISPOSITION

The order denying defendant's petition for recall of sentence is reversed and the matter is remanded for a redetermination of whether defendant is entitled to relief under Penal Code section 1170.18, which shall include a determination of whether defendant is a person described by subdivision (i) of that section.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, J.

We concur:

TURNER, P.J.

KRIEGLER, J.

5