Filed 5/12/17

<u>CERTIFIED FOR PARTIAL PUBLICATION</u>[*]

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ROBERT ANGEL ZAMORA,<br><br>    Defendant and Appellant. | F071737<br><br>(Super. Ct. No. BF159430A)<br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Kern County.  Michael B. Lewis, Judge.

Carol Foster, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and John A. Bachman, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of part I of Discussion.

**SEE CONCURRING AND DISSENTING OPINION**

# INTRODUCTION

Among other statutes, the Safe Neighborhoods and Schools Act (Proposition 47 or the Act) amended Health and Safety Code section 11377 to provide misdemeanor or felony punishment as follows:

> "[A person] shall be punished by imprisonment in a county jail for a period of not more than one year, except that such person may instead be punished pursuant to subdivision (h) of Section 1170 of the Penal Code if that person has one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 of the Penal Code or for an offense requiring registration pursuant to subdivision (c) of Section 290 of the Penal Code." (*Id.*, at subd. (a).)

For defendant Robert Angel Zamora's violation of this drug possession offense, the trial court sentenced him as a felon under subdivision (h) of Penal Code section 1170[1] based on defendant's prior juvenile adjudication for sexual battery in violation of section 243.4. An adult convicted of this offense is required to register as a sex offender under section 290, subdivision (c). Defendant contends the trial court erred by treating his juvenile adjudication as a prior "conviction" in direct contravention of Welfare and Institutions Code section 203 ("An order adjudging a minor to be a ward of the juvenile court shall not be deemed a conviction of a crime for any purpose …"). The Attorney General relies on *Alejandro N. v. Superior Court* (2015) 238 Cal.App.4th 1209 (*Alejandro N.*), to argue the Act, in the broad sense, "applies to all aspects of juvenile proceedings" and "applies to juveniles for all purposes." Although we agree the Act applies generally to juveniles as held in *Alejandro N.*, we conclude the search for statutory intent in this case calls for a more narrow and limited approach, which focuses on the statutory language and settled case law interpreting this language. In turn, this approach leads us to conclude defendant's juvenile adjudication for a violation of section 243.4 is not a prior conviction as used in Health and Safety Code section 11377 and does not disqualify him from misdemeanor sentencing.

---

[1]Further statutory references are to the Penal Code unless otherwise stated.

In the unpublished portion of this opinion we reject the Attorney General's request for dismissal of the appeal due to defendant's failure to obtain a certificate of probable cause.

We reverse the trial court's finding defendant's offense constitutes a felony instead of a misdemeanor.

## BACKGROUND

Prior to November 5, 2014, a violation of Health and Safety Code section 11377, subdivision (a) was a "wobbler," meaning it could be a felony or a misdemeanor, depending upon the punishment imposed. (See § 17, subd. (a).) On November 4, 2014, voters enacted Proposition 47, which went into effect the next day. (Cal. Const., art. II, § 10, subd. (a); *People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) As a result, certain drug and theft offenses are now punished as misdemeanors, unless committed by statutorily defined ineligible offenders. (*People v. Gonzales* (2017) 2 Cal.5th 858, 870.)

Proposition 47 additionally created a process by which a person who is serving a felony sentence for an offense made a misdemeanor by the Act can petition for a recall of sentence and be resentenced to a misdemeanor. If, however, service of the felony sentence is complete, that person can petition to have the felony conviction designated as a misdemeanor. (*People v. Gonzales*, *supra*, 2 Cal.5th at p. 863, fn. 4; § 1170.18, subds. (a) & (f).) These provisions do not apply, however, "to persons who have one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290." (§ 1170.18, subd. (i).)

On March 10, 2015, a felony complaint charged defendant with possession, on or about March 9, 2015, of a controlled substance in violation of Health and Safety Code section 11377, subdivision (a) (count 1). The complaint alleged the offense was a felony, defendant having previously suffered a conviction for an offense specified in section 667, subdivision (e)(2)(C)(iv), or for an offense requiring registration pursuant to section 290,

subdivision (c), to wit, a 1999 juvenile adjudication for violation of section 243.4 (sexual battery).  Count 2 of the complaint charged defendant with unlawfully identifying himself to a police officer in violation of section 148.9, subdivision (a), a misdemeanor.

On March 23, 2015, following "extensive" unreported discussions, the trial court found defendant "not eligible for relief under section 1170.18" based on his prior offense. The court also found defendant did not have a serious or violent felony under section 667, subdivision (e), and so was eligible for felony drug probation under section 1210.1. Defendant then pled no contest to count 1 as a felony,[2] and count 2 was dismissed. Imposition of sentence was suspended, and defendant was placed on formal probation, pursuant to the provisions of section 1210.1, for three years.

On May 12, 2015, the probation department requested defendant's postrelease community supervision (PRCS) be revoked for violation of the conditions thereof, including commission of new offenses.[3]  On May 28, 2015, the probation department requested defendant's drug probation be revoked and that he be excluded from further participation in the treatment program, based on his arrest on the new nondrug-related offenses.

On May 29, 2015, a status conference was held concerning the alleged violation of probation.  Defense counsel made an oral motion to reduce defendant's current offense to a misdemeanor on the ground the alleged prior disqualifying offense was a juvenile adjudication not a conviction (citing Welf. & Inst. Code, § 203), whereas a conviction was required to disqualify defendant from misdemeanor treatment.  Because defendant was not required to register under section 290, subdivision (c) based on a juvenile

---

[2]References in this opinion to defendant's current offense are to this offense.

[3]According to the probation department, defendant was convicted of violating section 30305, subdivision (a)(1) (possession of ammunition by a prohibited person) on November 20, 2012, and was released on PRCS on November 11, 2013.  He was arrested on May 15, 2015, for violating sections 529, subdivision (a)(3) (false personation), and 21310 (carrying a concealed dirk or dagger), and Health and Safety Code section 11377, subdivision (a) (possession of a controlled substance).

4.

adjudication, counsel pointed out defendant "does not have to register." The prosecutor opposed the request, arguing defendant "falls under 290.008 (a) which insinuates after 1985 if you go to CYA on this type offense, you have to register. [¶] … [¶] I understand local authorities no longer require him to register. … I would submit under 290 (c) where that crime appears this person is not eligible for reduction."

The trial court denied what it referred to as "the petition." It reasoned that under Health and Safety Code section 11377, a person remained subject to felony punishment if he or she had one or more convictions for an offense specified in section 667, subdivision (e)(2)(C)(iv), or requiring registration under section 290, subdivision (c). The court noted section 667, subdivision (d) specified when a juvenile adjudication constituted a serious or violent felony. It found a juvenile adjudication for violating section 243.4 to be a serious or violent felony conviction for purposes of Proposition 47. Because it is listed as an offense requiring registration pursuant to section 290, subdivision (c), the court found "whether or not [defendant] has to register" to be irrelevant. Accordingly, it found defendant disqualified under Health and Safety Code section 11377 and so denied the request to reduce the current offense to a misdemeanor. The matter was then set for further hearing on the alleged probation violation, pending the outcome of defendant's new charges in another case.

On June 3, 2015, defendant filed a notice of appeal. The notice specified the appeal was "based on the sentence or other matters occurring after the plea that do not affect the validity of the plea. (Cal. Rules of Court, rule 8.304(b).)" No request was made for a certificate of probable cause.

## DISCUSSION

I. **The Appeal Is Operative, Despite the Lack of a Probable Cause Certificate**[*]

The Attorney General contends the order denying defendant's request to reduce his current offense to a misdemeanor is not appealable, and the appeal must be dismissed,

---

[*]See footnote, *ante*, page 1.

due to defendant's failure to obtain a certificate of probable cause. Under the somewhat unusual circumstances of this case, we disagree.

Section 1237.5 requires a defendant to obtain a certificate of probable cause from the superior court in order to file an appeal from a judgment of conviction entered after a guilty or no contest plea, including an appeal challenging the validity of the plea.[4] (*People v. Mendez* (1999) 19 Cal.4th 1084, 1095.) However, "[n]otwithstanding the broad language of section 1237.5, it is settled that two types of issues may be raised in a guilty or nolo contendere plea appeal without issuance of a certificate: (1) search and seizure issues for which an appeal is provided under section 1538.5, subdivision (m); and (2) issues regarding proceedings held subsequent to the plea for the purpose of determining the degree of the crime and the penalty to be imposed." (*People v. Panizzon* (1996) 13 Cal.4th 68, 74; see Cal. Rules of Court, rule 8.304(b).)[5]

The California Supreme Court has cautioned that the certificate requirement of section 1237.5 should be applied in a strict manner. (*People v. Mendez*, *supra*, 19 Cal.4th

---

[4]Section 1237.5 provides: "No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere, or a revocation of probation following an admission of violation, except where both of the following are met: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court."

[5]All references to rules are to the California Rules of Court.

Rule 8.304(b) provides, in pertinent part: "(1) Except as provided in (4), to appeal from a superior court judgment after a plea of guilty or nolo contendere or after an admission of probation violation, the defendant must file in that superior court—with the notice of appeal … —the statement required by … section 1237.5 for issuance of a certificate of probable cause. [¶] … [¶] (3) If the defendant does not file the statement required by (1) or if the superior court denies a certificate of probable cause, the superior court clerk must mark the notice of appeal 'Inoperative,' notify the defendant, and send a copy of the marked notice of appeal to the district appellate project. [¶] (4) The defendant need not comply with (1) if the notice of appeal states that the appeal is based on: [¶] (A) The denial of a motion to suppress evidence under … section 1538.5; or [¶] (B) Grounds that arose after entry of the plea and do not affect the plea's validity. [¶] (5) If the defendant's notice of appeal contains a statement under (4), the reviewing court will not consider any issue affecting the validity of the plea unless the defendant also complies with (1)."

6.

at pp. 1098–1099; see *In re Chavez* (2003) 30 Cal.4th 643, 650-655.)  That court has strongly criticized the practice in some appellate decisions of reaching the merits of the appeal in the interests of judicial economy, notwithstanding the defendant's noncompliance with that requirement.  (*Mendez*, *supra*, at pp. 1097–1098; *People v. Panizzon*, *supra*, 13 Cal.4th at p. 89, fn. 15; cf. *People v. Padfield* (1982) 136 Cal.App.3d 218, 224, fn. 5; *People v. Vest* (1974) 43 Cal.App.3d 728, 731–732; *People v. McMillan* (1971) 15 Cal.App.3d 576, 578–579.)  It has concluded relaxing the certificate requirement in search of "'judicial economy'" has been a "futile" exercise that "must be abandoned."  (*Mendez*, *supra*, at p. 1098; see *id*., fn. 9.)  As a result, in the absence of compliance with the certificate requirement, the appeal is not "operative" and the reviewing court must dismiss it.  (*Id*. at pp. 1095–1096.)

In assessing whether an appeal mandates a certificate of probable cause, courts examine the substance of the appeal.  "[T]he crucial issue is what the defendant is challenging, not the time or manner in which the challenge is made."  (*People v. Ribero* (1971) 4 Cal.3d 55, 63.)  For instance, a claim a guilty plea was induced by an illusory promise is a certificate issue, as it is a question going to the legality of the proceedings and, specifically, the validity of the plea.  (*People v. Panizzon*, *supra*, 13 Cal.4th at p. 76.)  Likewise, a certificate must be obtained to secure review of the lawfulness of the maximum term imposed pursuant to the negotiated plea, notwithstanding the multiple punishment prohibition of section 654.  (*People v. Shelton* (2006) 37 Cal.4th 759, 766, 770–771.)

In the present case, after the trial court found defendant "not eligible for relief under section 1170.18" to have his current offense treated as a misdemeanor under Proposition 47, defendant agreed to plead no contest to that offense as a felony.  It appears defendant could have challenged the court's ruling by an appeal at that point (see *People v. Mutter* (2016) 1 Cal.App.5th 429, 437); had he done so, we may have agreed with the Attorney General that such appeal was not operative absent a certificate of

probable cause, since defendant's claim would have been tantamount to a challenge to the validity of his plea to the felony count.**6**

Defendant did not appeal at that point, however. Rather, as set out *ante*, he waited until he allegedly violated his probation. He then made an oral request to reduce his current offense to a misdemeanor. Insofar as the record shows, defendant's request was treated as a petition brought pursuant to section 1170.18.**7** Indeed, the trial court referred to the request as "the petition." There was no suggestion defendant was asking merely to have the trial court reconsider its previous ruling; no mention was made that there had even been a prior ruling. The People did not argue the provisions of section 1170.18 did not apply.

Given the procedural timeline of this case and the fact the court and parties treated defendant's request as a petition for reduction under the Act, we conclude defendant was not required to obtain a certificate of probable cause in order to appeal from the trial court's ruling. Under the circumstances, the appeal was based on grounds that arose after entry of the plea and did not affect the plea's validity. (Rule 8.304(b)(4)(B); see *Harris v. Superior Court* (2016) 1 Cal.5th 984, 987, 991-993 [People not entitled to have plea agreement set aside, on ground they would be deprived of benefit of bargain, when defendant seeks to have sentence recalled under Prop. 47].)

**II      Defendant's Juvenile Adjudication Did Not Disqualify Him from Misdemeanor Sentencing Under Proposition 47**

Defendant contends the trial court erred by ruling his prior juvenile adjudication for sexual battery (§ 243.4) elevated his current violation of Health and Safety Code section 11377, subdivision (a) to a felony under the Act. He points to the fact both section 1170.18, subdivision (i) and Health and Safety Code section 11377, subdivision (a) refer, in terms of ineligibility for misdemeanor treatment, to prior *convictions* for

---

**6**We leave a determination of this issue for a case that presents such a scenario.

**7**In *People v. Amaya* (2015) 242 Cal.App.4th 972, 974-975, the appellate court determined that an oral motion can constitute a petition within the provisions of section 1170.18.

8.

specified offenses.  He does not dispute an adult convicted of violating section 243.4 would be subject to sex offender registration.  (§ 290, subd. (c).)  Rather, he points to Welfare and Institutions Code section 203, which states:  "An order adjudging a minor to be a ward of the juvenile court shall not be deemed a conviction of a crime for any purpose …."  He observes courts have held a juvenile is not convicted of a present or prior offense for purposes of applying section 666 (*In re Anthony R.* (1984) 154 Cal.App.3d 772, 775-776), and that juvenile adjudications are not convictions for purposes of enhancement under section 667, subdivision (a) (*People v. West* (1984) 154 Cal.App.3d 100, 106-110).  He acknowledges "a juvenile adjudication that constitutes a conviction for purposes of sentencing under the three strikes law [citations] also constitutes a conviction for purposes of determining eligibility for three strikes resentencing under section 1170.126, subdivision (e)."  (*People v. Arias* (2015) 240 Cal.App.4th 161, 165 (*Arias*).)  He correctly notes, however, unlike the juvenile offense at issue in *Arias*, sexual battery does not constitute a serious or violent felony (§§ 667.5, subd. (c), 1192.7, subd. (c)) and is not listed in Welfare and Institutions Code section 707, subdivision (b), and so it does not constitute a strike (§§ 667, subd. (d), 1170.12, subd. (b)).

We agree the resentencing scheme contained in section 1170.126, and at issue in *Arias*, is not identical to that contained in Proposition 47.  However, that does not end our inquiry nor our search for statutory intent.  We begin our analysis with a broader context view of Proposition 47.

In *Alejandro N., supra,* 238 Cal.App.4th 1209, the court held:

"[T]he offense reclassification provisions set forth in section 1170.18 apply to juveniles.  Welfare and Institutions Code section 602 provides for a minor to be declared a ward of the juvenile court when the minor commits a crime set forth in the Penal Code and other codes defining criminal offenses primarily in the adult criminal context.  The section thereby incorporates the entire body of laws defining criminal offenses as the basis for juvenile wardship jurisdiction.  Accordingly, when a criminal offense is reclassified from a felony to a misdemeanor in the adult context—as occurred under

9.

Proposition 47—the reclassification likewise applies in juvenile wardship proceedings. By adding section 1170.18 to the Penal Code, the Proposition 47 voters made this felony-to-misdemeanor reclassification available to qualifying offenders on a retroactive basis. Thus, section 1170.18 concerns *the very same offenses* that are incorporated into the juvenile wardship proceedings via Welfare and Institutions Code section 602, and it follows that section 1170.18's offense reclassification provisions are equally applicable to juvenile offenders." (*Id*. at pp. 1216-1217.)

The court determined voters intended Proposition 47 to apply, in the broader context, to juveniles. (*Id*. at pp. 1224-1225.)

This case does not ask us to determine the reach and breadth of Proposition 47's application to juvenile proceedings generally. The issue before us is whether defendant was disqualified from misdemeanor treatment under Health and Safety Code section 11377 because his juvenile adjudication of a violation of section 243.4 was intended by the voters to serve as a "prior conviction." (See *In re Derrick B.* (2006) 39 Cal.4th 535, 543 ["Here there is no broader context to expand upon the clear language chosen by the [voters]."]) Like *Arias*, *Alejandro N.* does not answer this question. However, there are two noteworthy cases, though distinguishable, which have spoken on a similar issue.

Recently, the court in *People v. Sledge* (2017) 7 Cal.App.5th 1089, 1098, held "[s]ome felony juvenile adjudications are disqualifying 'prior convictions' for Proposition 47 purposes under section 1170.18(i) as a matter of law." In determining legislative intent, the court looked to the actual language of section 1170.18, subdivision (i), and explained as follows:

> "'… The provisions of this section shall not apply to persons who have one or more *prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667* or for an offense requiring registration pursuant to subdivision (c) of Section 290.' (Italics added.)

> "In turn, clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of section 667 (section 667(e)(2)(C)(iv)) applies when: 'The defendant suffered a prior serious and/or violent felony conviction, *as defined in subdivision (d) of this section*, for any of the following felonies.'

10.

(Italics added.)  The list of felonies includes various sex, violence and homicide offenses, which are sometimes referred to as 'super strikes.'  (See *People v. Zamarripa* (2016) 247 Cal.App.4th 1179, 1183 (*Zamarripa*).)

"Finally, subdivision (d)(3) of section 667 (section 667(d)(3)) provides:  '*A prior juvenile adjudication shall constitute a prior serious and/or violent felony conviction* for purposes of sentence enhancement if:  [¶] (A) The juvenile was 16 years of age or older at the time ….  [¶] (B) *The prior offense is listed in subdivision (b) of Section 707 of the Welfare and Institutions Code* or described in paragraph *(1) or (2) as a serious and/or violent felony*.  [¶] (C) The juvenile was found to be a fit and proper subject to be dealt with under the juvenile court law.  [¶] (D) The juvenile was adjudged a ward of the juvenile court … because the person committed an offense listed in subdivision (b) of Section 707 of the Welfare and Institutions Code.'  (Italics added.)

"Reading these statutes together, and giving the unambiguous words in them their usual and ordinary meaning, we conclude a felony juvenile adjudication is a disqualifying prior conviction within the meaning of section 1170.18(i):  if it is one of the super strike offenses listed in section 667(e)(2)(C)(iv); if it is either an offense listed in Welfare and Institutions Code section 707, subdivision (b), or an offense described in section 667(d), paragraph (1) or (2) as a serious or violent felony; and if all of the other conditions set out in section 667(d)(3) are satisfied.

"Our conclusion that these specific felony juvenile adjudications are disqualifying prior convictions under section 1170.18(i) is consistent with at least one of the voter's expressed intents in enacting Proposition 47.  'Among its stated purposes is to "[e]nsure that people convicted of murder, rape, and child molestation will not benefit from this act."  [Citation.]'  (*Zamarripa*, *supra*, 247 Cal.App.4th at p. 1182.)"  (*People v. Sledge*, *supra*, 7 Cal.App.5th at pp. 1099-1100.)

In *Sledge*, the prior juvenile adjudication at issue was for forcible rape.  (*People v. Sledge*, *supra*, 7 Cal.App.5th at p. 1093.)  The court then concluded:

"Defendant argues juvenile adjudications are not disqualifying prior convictions because section 1170.18(i) does not expressly refer to juvenile adjudications, and because juvenile adjudications have historically been treated differently than adult criminal convictions.  We do not agree.

"'Since the definition of "conviction of a serious and/or violent felony" contained in section 667(d) is incorporated … in section 1170.18(i), and since that definition specifically includes designated juvenile adjudications, … a person who has been adjudicated for an offense listed in

11.

section 667(d)(3) will be excluded …. *While juvenile "adjudications" and adult "convictions" are distinguished in many other contexts, for the purposes of the exclusion under section 1170.18(i), they are treated the same*.' (Couzens & Bigelow, Proposition 47: 'The Safe Neighborhoods and Schools Act' (May 2016) § III.A., p. 18 <http://www.courts.ca.gov/documents/Prop-47-Information.pdf> [as of Jan. 25, 2017], italics added.)" (*People v. Sledge*, *supra*, 7 Cal.App.5th at p. 1100.)[8]

A violation of section 243.4 is not one of the so-called "super strike" offenses listed in section 667, subdivision (e)(2)(C)(iv).[9]  Furthermore, while it is an offense requiring adults to register under section 290, subdivision (c), section 290.008, not section 290, governs the registration requirements of juvenile offenders.  Section 290.008 does not include section 243.4 on its list of offenses requiring registration.  (See § 290.008, subd. (c).)  Thus, this case is distinguishable from *People v. Sledge* because defendant's juvenile adjudication does not meet the requirements for an offense listed in section 667, subdivision (d)(3).

We conclude defendant's juvenile adjudication for an offense not listed in section 667, subdivision (d) or (e) did not elevate his current drug possession conviction to a

---

[8]In dicta, the court noted the defendant's juvenile adjudication for forcible rape might also be a disqualifying prior conviction because it was for an offense requiring sex offender registration.  (*People v. Sledge*, *supra*, 7 Cal.App.5th at p. 1104, fn. 6.)  The court found it made no difference whether the defendant was ordered—or even could have been ordered—to register, as the emphasis in subdivision (i) of section 1170.18 is on the conviction for an offense requiring registration, and not on the registration status of the offender.  (*Sledge*, at p. 1104, fn. 6.)

[9]Those offenses are:  "(I) A 'sexually violent offense' as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code.  [¶] (II) Oral copulation with a child who is under 14 years of age, and who is more than 10 years younger than he or she as defined by Section 288a, sodomy with another person who is under 14 years of age and more than 10 years younger than he or she as defined by Section 286, or sexual penetration with another person who is under 14 years of age, and who is more than 10 years younger than he or she, as defined by Section 289.  [¶] (III) A lewd and lascivious act involving a child under 14 years of age, in violation of Section 288.  [¶] (IV) Any homicide offense, including any attempted homicide offense, defined in Sections 187 to 191.5, inclusive.  [¶] (V) Solicitation to commit murder as defined in Section 653f.  [¶] (VI) Assault with a machine gun on a peace officer or firefighter, as defined in paragraph (3) of subdivision (d) of Section 245.  [¶] (VII) Possession of a weapon of mass destruction, as defined in paragraph (1) of subdivision (a) of Section 11418.  [¶] (VIII) Any serious and/or violent felony offense punishable in California by life imprisonment or death." (§ 667, subd. (e)(2)(C)(iv).)

felony under Proposition 47. (Health & Saf. Code, § 11377, subd. (a); § 1170.18, subd. (i).) In doing so, we do not disagree with the reasoning of *Alejandro N.* that Proposition 47 applies to juvenile proceedings generally. However, another recent case is more helpful to us in reaching our conclusion.

In *People v. Dunn* (2016) 2 Cal.App.5th 153 (*Dunn*), the defendant was 14 years old when he allegedly committed two acts of forcible rape in concert with another and three acts of forcible sexual penetration. The court found the allegations true, adjudged him a ward of the court, and committed him to the California Youth Authority for a 54-year term. Following his discharge, Dunn was required to register as a sex offender under current section 290.008. (*Dunn*, *supra*, at p. 155.) As an adult, Dunn committed felonies that landed him in prison, including a robbery strike offense. Eventually, Dunn committed a felony petty theft with a prior in violation of section 666 and was sentenced back to prison for 32 months. After the passage of Proposition 47, Dunn petitioned to have his petty theft conviction reduced to a misdemeanor under the Act. (*Dunn*, at p. 156.)

Section 666 is one of the sections amended by Proposition 47. However, the amendment of section 666 did not add a conviction requirement for exclusion of sex offenders. As stated in *Dunn*, offenders are disqualified from misdemeanor treatment if they "are 'required to register pursuant to the Sex Offender Registration Act [§§ 290-290.024].' (§ 666, subd. (b).) Juvenile sex offender registry is part of the Sex Offender Registration Act. (§ 290.008.)" (*Dunn*, *supra*, 2 Cal.App.5th at p. 156.) Thus, unlike Health and Safety Code section 11377, section 666 does not require a prior "conviction" for an offense requiring registration pursuant to subdivision (c) of section 290. As the *Dunn* court noted:

> "… Petty theft with a prior is not a misdemeanor under the Act for those who are 'required to register pursuant to the Sex Offender Registration Act [§§ 290–290.024].' (§ 666, subd. (b).) Juvenile sex offender registry is a part of the Sex Offender Registration Act. (§ 290.008.)

13.

"If the electorate intended to make only adult offenders ineligible for relief under section 666, it knew how to do so. (Health & Saf. Code, §§ 11350, 11357, 11377; Pen. Code, §§ 459.5, 473, 476a, 490.2, 496, 1170.18, subd. (i).) A person is ineligible for relief under the other Proposition 47 statutes only if they are a person with one or more convictions 'for an offense requiring registration pursuant to subdivision (c) of [s]ection 290 [adult sex offender registration].' (Health & Saf. Code, §§ 11357, 11377; Pen. Code, § 1170.18, subd. (i); see Health & Saf. Code, § 11350; Pen. Code, §§ 459.5, 473, 476a, 490.2, 496; *In re Derrick B.*[, *supra*,] 39 Cal.4th 535, 540.)

"Dunn asks us to construe section 666 to make only adult sex offenders ineligible. He contends this would best effectuate the electorate's intent; it is required by the rule of lenity; the disparity between section 666 and other Proposition 47 statutes reflects a drafting error; and the disparity violates state and federal equal protection principles. We disagree with each of these contentions.

"The electorate's intent to withhold relief from juvenile sex offenders who commit serial thefts is unambiguously expressed in section 666. (*People v. Canty* (2004) 32 Cal.4th 1266, 1276 ['If the language is clear and unambiguous, we follow the plain meaning of the measure'].) The rule of lenity does not apply because section 666 is not reasonably susceptible to two constructions. (*People v. Avery* (2002) 27 Cal.4th 49, 58.) A person is disqualified if they are 'required to register under the Sex Offender Registration Act [§§ 290–290.024].' (§ 666, subd. (b).) Section 666 does not reflect a drafting error; there is no compelling evidence the electorate intended a different result. (*People v. Garcia* (1999) 21 Cal.4th 1, 6 [we may reform a statute only 'when compelled by necessity and supported by firm evidence of the drafters' true intent'].) The electorate advanced its goal of '[r]equir[ing] misdemeanors … for nonserious, nonviolent crimes like petty theft and drug possession,' while withholding relief from all sex offenders who commit serial theft. (Prop. 47, § 3, subd. (3); see Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, p. 70.)

"Section 666 does not violate equal protection guarantees because juvenile sex offenders who commit recidivist theft crimes and juvenile sex offenders who commit other Proposition 47 crimes are not similarly situated." (*Dunn*, *supra*, 2 Cal.App.5th at pp. 156-157.)

Of course, *Dunn* did not address the specific issue we confront here. Nonetheless, its logic in construing the statute before it vis-à-vis the other statutes amended by the Act is undeniable, and it works equally well both ways. This is true because the rules of

14.

statutory construction guide the analysis. As stated in *In re Derrick B.*, *supra*, 39 Cal.4th 535:

> "The well-settled objective of statutory construction is to ascertain and effectuate legislative intent. [Citations.] To determine that intent, we turn first to the words of the statute, giving them their usual and ordinary meaning. [Citations.] When the statutory language is clear, we need go no further. If, however, the language supports more than one reasonable interpretation, we look to a variety of extrinsic aids, including the objects to be achieved, the evils to be remedied, the legislative history, the statutory scheme of which the statute is a part, and contemporaneous administrative construction, as well as questions of public policy. [Citations.]

> "Under section 290, subdivision (a)(2)(E), a court may order registration for unlisted offenses if it 'finds *at the time of conviction or sentencing* that the person committed the offense as a result of sexual compulsion or for purposes of sexual gratification.' (Italics added.) This language is clear. 'Conviction' and 'sentencing' are terms of art usually associated with adult proceedings. Because the Legislature used these terms, we construe this subdivision as applying only in cases of adult convictions.

> "In *People v. Burton* (1989) 48 Cal.3d 843 (*Burton*), we held that a capital defendant's prior juvenile adjudications, though serious offenses, were not prior felony convictions within the terms of section 190.3, factor (c). As we explained: 'Welfare and Institutions Code section 203 provides that "[a]n order adjudging a minor to be a ward of the juvenile court shall not be deemed a conviction of a crime *for any purpose*, nor shall a proceeding in the juvenile court be deemed a criminal proceeding." This court and the Courts of Appeal have consistently agreed that adjudications under Welfare and Institutions Code section 602 are not criminal convictions. [Citations.]' (*Burton*, at p. 861, italics added.)

> "'We must assume that the voters, when they enacted section 190.3, were aware of Welfare and Institutions Code section 203 and judicial constructions of its terms. [Citation.] With such an awareness, the voters cannot have intended the term "prior felony conviction" contained in section 190.3, factor (c) to refer to juvenile court adjudications. We employ a presumption that when the language of a statute uses a term that has been judicially construed, the term is used in the precise sense which the court gave it. [Citation.]'" (*In re Derrick B.*, *supra*, 39 Cal.4th at pp. 539-540, fns. omitted.)

15.

Here, too, the electorate adopted statutory language requiring a "conviction." When it did so, Welfare and Institutions Code section 203 unequivocally provided a juvenile adjudication "shall not be deemed a conviction" for any purpose. At the same time, the Act did not amend section 666 to require a conviction for disqualification purposes. The ineluctable conclusion is the electorate did not intend a "conviction" for purposes of Health and Safety Code section 11377's sex offender registration exclusion to include a juvenile adjudication, absent the existence of additional disqualifying factors.

Furthermore, one of the purposes for enacting Proposition 47 was to lessen punishment for "nonserious, nonviolent crimes like petty theft and drug possession …." (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 3, subd. (3), p. 70.)[10] It also attempted "to ensure that prison spending is focused on violent and serious offenses …." (*Ibid*.) Finally, it sought to "ensure[] that sentences for people convicted of dangerous crimes like rape, murder, and child molestation are not changed" (*ibid*.) by, inter alia, "[a]uthoriz[ing] felonies for sex offenders …." (*Id*., Rebuttal to Argument Against Prop. 47, p. 39). In our view, the exclusion of juvenile adjudications for offenses *not specified* in section 667, subdivision (e)(2)(C)(iv), or for which registration is *not required* pursuant to section 290, subdivision (c), to disqualify an offender from reduction of an offense to a misdemeanor (e.g., Health & Saf. Code, § 11377, subd. (a); § 1170.18, subd. (i)) furthers that intent. (See *People v. Romanowski* (2017) 2 Cal.5th 903, 909 [applying broad and liberal construction of Prop. 47 to accomplish its stated purposes].) Here, defendant committed a nonviolent drug possession offense. He has no prior convictions for so-called super strikes, he is not a rapist, murderer, or child molester, and he has never been required to register as a sex offender pursuant to section 290, subdivision (c). He is therefore entitled under the Act to receive misdemeanor treatment for his nonviolent drug possession offense.

---

[10]The voter information guide can be accessed at <http://vig.cdn.sos.ca.gov/ 2014/general/en/pdf/complete-vigr1.pdf> [as of May 12, 2017].

## DISPOSITION

The order designating defendant's conviction a felony is reversed, and the matter is remanded for further proceedings not inconsistent with this opinion.

_____
PEÑA, J.

I CONCUR:


_____
GOMES, Acting P.J.

17.

DETJEN, J., Concurring and Dissenting.

I concur in part I of the majority opinion. As to part II, I agree the order designating Robert Angel Zamora's (defendant) conviction a felony must be reversed and the matter remanded for further proceedings not inconsistent with this opinion. Defendant's prior juvenile adjudication for sexual battery (Pen. Code, § 243.4) does not disqualify him from misdemeanor treatment under Health and Safety Code section 11377, subdivision (a).

Both Health and Safety Code section 11377, subdivision (a), and Penal Code section 1170.18, subdivision (i), exclude persons with one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Penal Code section 667, and persons with one or more prior convictions for an offense requiring registration pursuant to subdivision (c) of Penal Code section 290. Defendant's prior juvenile adjudication for violation of Penal Code section 243.4 is not one of the offenses listed in Penal Code section 667, subdivisions (d)(1), (d)(2), or (e)(2)(C)(iv), nor is it one listed in Welfare and Institutions Code section 707, subdivision (b). It is also not an offense requiring registration pursuant to subdivision (c) of Penal Code section 290. (*In re Derrick B.* (2006) 39 Cal.4th 535, 540 [the language of "conviction" and "sentencing" in a statute allowing for a sex offender registration order construed to apply only in cases of adult convictions]; see Pen. Code, § 290, subd. (c) [any person who has been convicted in any court of Pen. Code, § 243.4 is required to register]; *People v. Sledge* (2017) 7 Cal.App.5th 1089, 1099 [felony juvenile adjudication is a disqualifying prior conviction within the meaning of Pen. Code, § 1170.18, subd. (i) if it is one of the super strike offenses listed in Pen. Code, § 667, subd. (e)(2)(C)(iv); is either an offense listed in Welf. & Inst. Code, § 707, subd. (b), or an offense described in Pen. Code, § 667, subd. (d)(1) or (d)(2) as a serious or violent felony; and if all the other conditions set out in Pen. Code, § 667, subd. (d)(3) are satisfied], petn. for review pending, petn. filed Feb. 27, 2017, time for grant or denial of review extended to May 26, 2017.)

To the extent, however, the reasoning of the majority opinion can be interpreted either to expand or to qualify this conclusion, I disagree with it.

_____
DETJEN, J.