Filed 6/1/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT


| | |
|---|---|
| THE PEOPLE, | B266850 |
| Plaintiff and Respondent, | (Los Angeles County |
| v. | Super. Ct. No. MA019275) |
| DAVID J. ZAMARRIPA, | |
| Defendant and Appellant. | |


APPEAL from an order of the Superior Court of Los Angeles County. Christopher G. Estes, Judge. Affirmed.

Rich Pfeiffer, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Scott A. Taryle and David A. Wildman, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant David J. Zamarripa appeals from the order denying his application under Proposition 47 (The Safe Neighborhoods and Schools Act; Pen. Code, § 1170.18) to have his 1999 felony conviction for possession of a controlled substance reclassified as a misdemeanor. The People opposed defendant's application on the basis that he was convicted in 2015 of kidnapping to commit a robbery. The trial court denied the application, finding that defendant was ineligible for Proposition 47 relief because of his prior disqualifying conviction. On appeal, defendant contends Proposition 47 only precludes reclassification where a defendant had a "prior" disqualifying conviction, and since his kidnapping to commit robbery conviction occurred *after* his drug possession conviction, he is eligible for reclassification. Finding no merit in this contention, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

In 1999, defendant was charged by felony complaint with possession of cocaine, and with driving under the influence of alcohol or drugs. (Health & Saf. Code, § 11350, subd. (a), count 1; Veh. Code, § 23152, subd. (a), count 2.) It was also alleged that defendant had one prior strike conviction, three prior prison terms, and one prior drug offense. (Pen. Code, §§ 667, subds. (b)-(i), 667.5, subd. (b), 1170.12, subds. (a)-(d); Health & Saf. Code, § 11370, subd. (a).) On October 7, 1999, defendant pled no contest to both counts, and admitted his prior strike conviction. On October 29, 1999, defendant was sentenced to 32 months in state prison for count 1, and to 180 days in county jail for count 2.

In January 2015, defendant was convicted of kidnapping to commit a robbery, a "super strike" for which he received a sentence of 17 years to life.

On August 17, 2015, defendant filed an application for reclassification under Proposition 47, seeking to have his conviction under Health and Safety Code section 11350 designated a misdemeanor. The People opposed defendant's application, urging that defendant was ineligible for reclassification because he had been convicted of a "super strike."

2

The trial court denied the application, finding that in the context of reclassification and resentencing under Penal Code section 1170.18, "prior conviction[]" means prior to resentencing, and not prior to the crime for which the defendant was seeking reclassification or resentencing. This timely appeal followed.

**DISCUSSION**

Proposition 47 was enacted by voters, and took effect in November 2014. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089 (*Rivera*).) Proposition 47 reduced the penalties for certain drug and theft-related offenses and reclassified those offenses as misdemeanors rather than felonies. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 879; *Rivera*, at p. 1091.) It also added section 1170.18 to the Penal Code, which allows those previously convicted of felonies which were reclassified as misdemeanors under Proposition 47, to petition the court to have their felony convictions designated as misdemeanors. (*Rivera*, at pp. 1091-1092.) The text of Proposition 47, provides that "[t]his act shall be liberally construed to effectuate its purposes." (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 18, p. 74.) Among its stated purposes is to "[e]nsure that people convicted of murder, rape, and child molestation will not benefit from this act." (*Id*., § 3, p. 70.) The act also sought "to ensure that prison spending is focused on violent and serious offenses [and] to maximize alternatives for nonserious, nonviolent crime . . . ." (*Id*., § 2, p. 70.)

As is relevant here, Penal Code section 1170.18 provides that: "(f) A person who has completed his or her sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors. [¶] (g) If the application satisfies the criteria in subdivision (f), the court shall designate the felony offense or offenses as a misdemeanor." However, section 1170.18, subdivision (*i*) expressly disqualifies certain offenders from resentencing and reclassification, providing that "this section shall not apply to persons who have one or more prior convictions for an offense specified in

3

clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290."

It is undisputed that defendant suffered a "super strike" conviction specified in "clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667" in 2015, before he sought reclassification of his 1999 conviction. (See Pen. Code, § 667, subd. (e)(2)(C)(iv)(VIII).) The parties dispute whether Penal Code section 1170.18, subdivision (*i*)'s exemption of those with certain "prior convictions" means prior to defendant's 1999 conviction, or prior to his application for reclassification.

Matters of statutory interpretation are questions of law subject to de novo review. (*People v. Zeigler* (2012) 211 Cal.App.4th 638, 650.) " ' "In construing a statute, our task is to determine the Legislature's intent and purpose for the enactment. [Citation.] We look first to the plain meaning of the statutory language, giving the words their usual and ordinary meaning. [Citation.] If there is no ambiguity in the statutory language, its plain meaning controls; we presume the Legislature meant what it said. [Citation.] . . ." [Citations.] We examine the statutory language in the context in which it appears, and adopt the construction that best harmonizes the statute internally and with related statutes. [Citations.]' In addition, we may examine the statute's legislative history. [Citation.]" (*People v. Whitmer* (2014) 230 Cal.App.4th 906, 917.) We apply the same basic principles of statutory construction when interpreting a voter initiative. (*Rivera*, *supra*, 233 Cal.App.4th at p. 1099.)

Penal Code section 1170.18, subdivision (*i*) provides that "[t]he provisions of this section shall not apply to persons who have one or more prior convictions" for any of the designated disqualifying offenses. We find the "prior conviction" ineligibility for relief means a disqualifying conviction that occurred any time before the filing of the application for Proposition 47 relief. It would make no sense, and would disserve the stated purposes of Proposition 47, for us to construe the phrase "prior conviction" as limited only to those convictions that preceded the crime the defendant seeks to reclassify as a misdemeanor. Nothing in section 1170.18, subdivision (*i*) limits its application to time periods prior to the commission of the offense for which reclassification is sought.

4

The plain language of the statute suggests a general disqualification regardless of when a defendant was convicted of the disqualifying offense. Furthermore, such an interpretation is the most consistent with the intent of the enactors not to benefit persons convicted of a "super strike" or required to register as a sex offender.

## DISPOSITION

The order denying the application is affirmed.


GRIMES, J.

WE CONCUR:

BIGELOW, P. J.



RUBIN, J.