Filed 6/30/16 (unmodified opn. attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>       v.<br><br>ADRIAN ANTWON MONTGOMERY,<br><br>    Defendant and Appellant. | G051812<br><br>(Super. Ct. No. C-69440)<br><br>ORDER DENYING PETITION FOR REHEARING AND MODIFYING OPINION; NO CHANGE IN JUDGMENT |

On the court's own motion, it is ordered that the opinion filed herein on June 8, 2016, be modified in the following particulars:

1. On page 4 of the slip opinion, line 3, delete the following sentences:

"Section 667 in turn refers to section 667.5, which classifies "attempted murder" as a "violent felony." (§ 667.5, subd. (c)(12).)"

Replace with the following sentences:

"Section 667, subdivision (e)(2)(C)(iv), includes "[a]ny homicide offense, including any attempted homicide offense . . . ." (§ 667, subd. (e)(2)(C)(iv)(IV)) as being among the disqualifying convictions."

2.  On page 5 of the slip opinion, last line of the top partial paragraph, remove the following:

(See *People v. Florez* (2016) 245 Cal.App.4th 1176, 1190-1191.)

and replace with the following:

"In construing statutes adopted by the voters, we apply the same principles of interpretation we apply to statutes enacted by the Legislature." (*Id.* at p. 682.)  "'When the language is ambiguous, "we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet." [Citation.]' [Citation.]" (*Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 901.)

This modification does not effect a change in the judgment.

On June 24, 2016, appellant submitted an untimely petition for rehearing that was marked "Received" but not filed.  (Cal. Rules of Court, rule 8.268(b).)  The clerk of this court is directed to file the petition for rehearing forthwith.  The petition for rehearing is DENIED.


BEDSWORTH, J.

WE CONCUR:


O'LEARY, P. J.


ARONSON, J.

Filed 6/8/16 (unmodified version)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
|    Plaintiff and Respondent, | G051812 |
|      v. | (Super. Ct. No. C-69440) |
| ADRIAN ANTWON MONTGOMERY, | O P I N I O N |
|    Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Thomas A. Glazier, Judge.  Affirmed.

Patrick J. Hennessey, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Christine Levingston Bergman, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

Penal Code section 1170.18 allows redesignation of certain enumerated felony drug crimes as misdemeanors. The section includes a proviso that its amelioration is not available to those who have suffered a "prior conviction" for, inter alia, violent felonies. The question presented by this case is, "Prior to what?"

Adrian Antwon Montgomery appeals from a postjudgment order denying his application to have a felony conviction for cocaine possession redesignated under Penal Code section 1170.18, subdivision (f),[1] the portion of Proposition 47 that permits a person who has completed a sentence for a felony conviction to have it changed to a misdemeanor. Montgomery pleaded guilty to the drug charge in 1989; at the same time, he was convicted on a separate charge (in another case) of attempted murder.

The trial court denied his application for redesignation of his cocaine conviction under Proposition 47 because the attempted murder conviction was a "prior conviction," rendering Montgomery ineligible for redesigation. For his part, Montgomery argued that his attempted murder conviction was a contemporaneous conviction, not a prior one, and therefore was not a disqualifying conviction.

Although the resolution is not free from doubt, we conclude the trial court correctly denied Montgomery's application. "Prior conviction" as used in the statute is ambiguous, and we have therefore consulted the materials presented to the voters when Proposition 47 was on the ballot in 2014. Based on these materials – and our respect for the voters – we have concluded they did not intend people convicted of violent crimes to benefit from the new law, regardless of when they were convicted of disqualifying crimes.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

## FACTS

Montgomery was arrested in 1988 and charged with four felonies and a misdemeanor (Orange County Superior Court case No. C-69440). In 1989, Montgomery was arrested on a separate charge of attempted murder (Orange County Superior Court case No. C-71750).[2]

As part of his plea bargain in the attempted murder case, Montgomery pled guilty to the earlier cocaine possession charge and was sentenced to a two-year term of imprisonment, to run concurrent to his sentence for the attempted murder. All other charges in the cocaine case were dropped.

In December 2014, Montgomery applied to have his cocaine felony conviction redesignated as a misdemeanor conviction. The trial court denied the petition on the ground the attempted murder conviction was a prior conviction rendering Montgomery ineligible for relief under section 1170.18.

## DISCUSSION

The sole issue in this appeal is one of statutory construction, which we review de novo. (*People v. Tran* (2015) 61 Cal.4th 1160, 1166.) Our goal is to "'to ascertain the intent of the lawmakers so as to effectuate the purpose of the statute.' [Citations.]" (*Mays v. City of Los Angeles* (2008) 43 Cal.4th 313, 321.)

Section 1170.18, subdivision (f), provides: "A person who has completed his or her sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors." Section 1170.18, subdivision (i), provides, "The

---

[2] The documents from this second case are not included in the record before us.

provisions of this section shall not apply to persons who have *one or more prior convictions* for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290." (Italics added.) Section 667 in turn refers to section 667.5, which classifies "attempted murder" as a "violent felony." (§ 667.5, subd. (c)(12).) Thus, a "prior" conviction for attempted murder renders an applicant ineligible for redesignation under section 1170.18, subdivision (f).

As noted, the question before us is, "Prior to what?" Prior to the conviction for the offense that is the subject of the application or prior to asking for relief under section 1170.18, subdivision (f)?[3] Montgomery argues that because his conviction for attempted murder did not predate the conviction for cocaine possession, he is eligible to have the drug offense reduced to a misdemeanor. He did not have a "prior" conviction for attempted murder, but rather a contemporaneous one. The Attorney General argues that a "prior" conviction is one that happened before the section 1170.18 application. When the conviction happened in relation to the felony conviction for which the applicant seeks relief is irrelevant.

---

[3] Widely used materials on Proposition 47 written by Judge J. Richard Couzens and Justice Tricia A. Bigelow reflect this uncertainty in interpretation. When the materials were issued in January 2015, the authors stated, "The disqualifying conviction . . . must occur *prior* to the crime at issue in the case. Proposition 47 clearly specifies that a person is disqualified only 'if that person has one or more *prior convictions* for an offense specified in' section 667(e)(2)(C)(iv) 'or for an offense requiring registration pursuant to' section 290(c). (See, e.g., § 473; emphasis added.) Accordingly, if the disqualifying conviction occurs contemporaneously with or subsequent to the crime at issue, the person is not disqualified from the benefits of Proposition 47." (Couzens & Bigelow, Proposition 47 "The Safe Neighborhoods and Schools Act" (January 2015), p. 11.)

By the time they updated the materials in August 2015, the authors had changed their minds: "If the defendant is requesting a resentencing or reclassification of a Proposition-47 eligible offense, however, 'prior conviction' likely means the disqualifier was acquired at *any time* prior to the filing of the petition or application for relief, not just prior to the crime at issue. Section 1170.18(i) provides that '[t]he provisions of this section shall not apply to persons who have one or more prior convictions' for any of the designated offenses. Nothing in the statute limits its application to time periods prior to the commission of the subject offense. The plain language of the statute suggests a general disqualification regardless of when the person picked up the disqualifying offense. Furthermore, such an interpretation is the most consistent with the intent of the enactors not to benefit persons convicted of a 'super strike' or required to register as a sex offender." (Counzens & Bigelow, Proposition 47 "The Safe Neighborhoods and Schools Act" (August 2015), pp. 10-11.)

4

We start with the ordinary meaning of the statutory language, but if that is ambiguous, "we look to other indicia of voter intent." (*People v. Johnson* (2015) 61 Cal.4th 674, 682 [interpreting revision to Three Strikes law].) In light of the about-face on this issue in the Proposition 47 materials prepared for judges and practitioners, we think it reasonable to conclude that the term "prior conviction" is ambiguous. Thus, we look to "other indicia" to ascertain voter intent. Because this statute was added to the Penal Code by ballot initiative, we have no legislative history. Instead, we may consult the official ballot materials and the analysis of the Legislative Analyst to assist in interpretation. (See *People v. Florez* (2016) 245 Cal.App.4th 1176, 1190-1191.)

The purpose of Proposition 47 was threefold: "[T]o insure that prison spending is focused on violent and serious offenses, to maximize alternatives for nonserious, nonviolent crime, and to invest the savings generated from this act into prevention and support programs in K-12 schools, victim services, and mental health and drug treatment." (Historical and statutory notes, 32A, Pt. 3, West's Ann. Gov. Code (2016 supp.) foll. § 7599, p. 163.) From this statement of purpose, we may infer that the impetus behind Proposition 47 was primarily economic: stop spending tax dollars on prisons for petty criminals and put the money to better use in schools and treatment programs. That being the case, the inclusion of section 1170.18, subdivision (f), is somewhat puzzling. No money for prison is being spent on a person who has already served his or her time. Such a person may benefit, however, if a felony conviction is changed for purposes of strikes or enhancements. Presumably this redesignation could affect prison spending on people convicted of crimes in the future. (Cf. *People v. Park* (2013) 56 Cal.4th 782, 794 ["one of the 'chief' reasons for reducing a wobbler to a misdemeanor 'is that under such circumstances the offense is not considered serious enough to entitle the court to resort to it as a prior conviction of a felony for the purpose of increasing the penalty for a subsequent crime.'"]

5

Examining the Proposition 47 materials in the 2014 voter pamphlet reveals that both proponents and opponents focused mainly on the portion aimed at people who were currently incarcerated, by changing the classification of their crimes from felonies to misdemeanors.  The proposition's proponents praised this feature as a way of saving money, by releasing petty criminals from prisons (in addition to not putting them there in the first place).  Opponents warned that the prison doors would swing open to dangerous criminals, "many of whom have prior convictions for serious crimes, such as assault, robbery, and home burglary."[4]  In these discussions it is clear that both sides used "prior conviction" to mean a conviction preceding the one for which the incarcerated person could seek early release.

The portion of the proposition allowing completed sentences to be redesignated received little attention in the voter pamphlet.  The Legislative Analyst devoted only two sentences to this aspect of the proposed law.  "This measure allows offenders currently serving felony sentences for the above crimes to apply to have their felony sentences reduced to misdemeanor sentences.  *In addition, certain offenders who have already completed a sentence for a felony that the measure changes could apply to the court to have their felony conviction changed to a misdemeanor.  However, no offender who has committed a specified severe crime could be resentenced or have their conviction changed.*"  (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, p. 36, italics added.)  The proposition's proponents, in response to the specter of a tsunami of dangerous felons unleashed on the public conjured up by the opposition, stated, "Don't be fooled by the opposition's deceptive scare tactics:  [¶] *Proposition 47 does not require automatic release of anyone.*  There is no automatic release.  [The proposition] includes strict protections to protect public safety and make sure rapists,

---

[4]    The proposition's opponents also objected to the reclassification of some crimes from felonies to misdemeanors, arguing that, for example, possession of a date-rape drug would be a misdemeanor if the proposition passed.

6

murderers, molesters, and the most dangerous criminals cannot benefit." (Voter Information Guide, Gen. Elec. (Nov. 4, 2014), *supra,* p. 39.) The summary of the proposition's purpose and intent preceding the text of the changes to the existing codes (such as the Government Code and the Health and Safety Code) that Proposition 47 would effect stated, "In enacting this act, it is the purpose and intent of the people of the State of California to: [¶] (1) Ensure that people convicted of murder, rape, and child molestation will not benefit from this act."[5] The Findings and Declarations portion of the proposed law assured voters that "sentences for people convicted of dangerous crimes like rape, murder, and child molestation are not changed." (Historical and statutory notes, 32A, Pt. 3, *supra*, p. 163.)

From these materials, we conclude that, regardless of what "prior conviction" means in other statutes (see, e.g., § 1170, subd. (h)(3) ["prior or current felony conviction"]), in section 1170.18, subdivision (i), as applied to redesignation of completed sentences, it means a conviction that occurred at any time before filing the redesignation application. Both the Legislative Analyst and the proposition's proponents promised the electorate that violent criminals would not get a break under the new law. It seems their intent was to assure that "dangerous" criminals could not be released, and we cannot see that it would have made a difference to the voters *when* that dangerousness became apparent. The term is ambiguous, and we conclude that this interpretation is more in keeping with the intent of the voters who passed Proposition 47.

Appellant reminds us the statute requires "a liberal construction." (Prop. 47, § 18.) He contends that requires it be interpreted to support his position. But the section dictates liberal construction "to effectuate its purpose." To our minds, that mandates a reading of its ambiguities to assure that only persons whose criminal record indicates a reasonable balance between the seriousness of their crime and the relief

---

[5] The statement of purpose and intent did not refer at all to the portion of the act that would permit those with completed sentences to apply for redesignation.

7

provided by the section should fall within its terms. And we cannot see that timing plays any role in striking that balance.

It cannot be gainsaid that a contrary conclusion is possible. We are so used to regarding "prior convictions" as those that preceded a current case or conviction that our instinctive reaction is to read this section in the same way. But when analyzed in terms of accomplishing what the framers and voters intended, a distinction between convictions suffered before the conviction being considered for redesignation and those suffered contemporaneously or afterward makes no sense.

What matters in this analysis is the existence of the conviction at the time of the application under section 1170.18. It may be that the framers could have better chosen "another" or "additional" rather than "prior" to express their intention. But we think they were clear enough. Their intent could not have been to mete out leniency based upon whether one attempts murder and then possesses cocaine or possesses cocaine and then attempts murder.

We conclude section 1170.18 precludes redesignation for anyone who has a conviction for the enumerated excluded crimes prior to the time of the application for such relief. We conclude the *application* is the "what" in the question with which we began this discussion.

## DISPOSITION

The postjudgment order denying appellant's application under section 1170.18, subdivision (f), is affirmed.

BEDSWORTH, J.

WE CONCUR:

O'LEARY, P. J.

ARONSON, J.

8