Filed 2/7/18

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GEORGE DONALD HATT,<br><br>    Defendant and Appellant. | 2d Crim. No. B283463<br>(Super. Ct. No. 2003030277)<br>(Ventura County) |

In November 2014, voters enacted Proposition 47 to "reduce[] the penalties for certain drug- and theft-related offenses and [to] reclassif[y] those offenses as misdemeanors rather than felonies.  [Citations.]"  (*People v. Zamarripa* (2016) 247 Cal.App.4th 1179, 1182 (*Zamarripa*).)  Proposition 47 also added section 1170.18 to the Penal Code,[1] which permits a person who has completed the sentence for an eligible felony conviction to apply to have the conviction redesignated a misdemeanor.  (*Ibid.*; see § 1170.18, subd. (f).)  If the applicant meets specified criteria,

---

    [1] All further undesignated statutory references are to the Penal Code.

and has not suffered a disqualifying prior conviction, the trial court must redesignate the offense. (§ 1170.18, subds. (g) & (i).)

"The question presented by this case is, 'Prior to what?'" (*People v. Montgomery* (2016) 247 Cal.App.4th 1385, 1387 (*Montgomery*).) We hold that a person who suffers a disqualifying conviction after filing a redesignation application but prior to the trial court's ruling on that application is barred from relief under section 1170.18.

FACTUAL AND PROCEDURAL HISTORY

In October 2003, George Donald Hatt pled guilty to possession of methamphetamine, then a felony. (Health & Saf. Code, § 11377, subd. (a).) The trial court sentenced him to three years in state prison.

In May 2016, while a murder charge was pending against him in Washington, Hatt filed an application to have his methamphetamine possession conviction redesignated a misdemeanor. (§ 1170.18, subd. (f).) The prosecution opposed the application because of Hatt's pending murder charge.[2] The trial court tentatively denied the application in August 2016.

The prosecution then moved to continue the hearing on Hatt's application until the resolution of the murder case, which was expected to go to trial in February 2017. The trial court granted the continuance. It set the hearing for March, and later continued the case to June. At the June hearing the prosecutor informed the court that the Washington jury found Hatt guilty of murder. The court then denied Hatt's application.

---

[2] A murder conviction disqualifies an applicant from redesignation relief. (§ 1170.18, subd. (i); see §§ 667, subd. (e)(2)(C), 667.5, subd. (c)(1), 1192.7, subd. (c)(1).)

DISCUSSION

*The August 2016 "ruling"*

Hatt first contends the trial court erred when, in August 2016, it "denied" his application based on his pending murder case. We disagree.

A tentative ruling is, by definition, not final. (*People v. Von Villas* (1992) 11 Cal.App.4th 175, 241.) Whether a ruling is tentative "turns on whether the court has finished its consideration of [an] issue." (*People v. Ennis* (2010) 190 Cal.App.4th 721, 736, italics omitted.) Here, the trial court had not finished its consideration of Hatt's application when it issued the tentative denial in August 2016: It did not enter a final order into the minutes, but rather solicited briefing and continued the case. Because the court's August 2016 ruling was not final, the issue is not properly before us.[3] (*In re Anthony H.* (1982) 138 Cal.App.3d 159, 165-166 [where court issues ruling but invites briefing, states it will reserve final decision, and then issues subsequent order, original ruling is deemed tentative].)

*The continuances*

Hatt next contends the trial court abused its discretion when it continued the hearing on his application until after the conclusion of his murder case. We again disagree.[4]

_____

[3] Even if the trial court's August 2016 ruling were final, we could not consider it because Hatt did not file a notice of appeal "within 60 days after . . . the making of the order being appealed." (Cal. Rules of Court, rule 8.308(a); see *In re Chavez* (2003) 30 Cal.4th 643, 650.)

[4] The Attorney General claims the continuances were necessary for the trial court to determine whether Hatt "would pose an unreasonable risk of danger to public safety." (§ 1170.18,

3

"Continuances shall be granted only upon a showing of good cause." (§ 1050, subd. (e).) To determine whether good cause for a continuance exists, a trial court "must consider ""not only the benefit which the moving party anticipates but also the likelihood that such benefit will result, the burden on other witnesses, jurors and the court and, above all, whether substantial justice will be accomplished or defeated by a granting of the motion."" [Citation.]" (*People v. Doolin* (2009) 45 Cal.4th 390, 450 (*Doolin*).) The court should also consider whether a continuance would be "useful." (*People v. Beeler* (1995) 9 Cal.4th 953, 1003 (*Beeler*), abrogated on another ground as recognized in *People v. Edwards* (2013) 57 Cal.4th 658, 705.) "[T]o demonstrate the usefulness of a continuance a party must show both the materiality of the evidence necessitating the continuance and that such evidence could be obtained within a reasonable time." (*Ibid.*) "Whether good cause exists is a question for the trial court's discretion. [Citation.]" (*Doolin*, at p. 450.) The grant or denial of a continuance is "'seldom successfully attacked.' [Citation.]" (*Beeler*, at p. 1003.)

Good cause for the continuances was shown here. First, the trial court accomplished substantial justice by continuing the hearing. (*Doolin*, *supra*, 45 Cal.4th at p. 450.) To "'[e]nsure that people convicted of murder, rape, and child molestation will not benefit from'" Proposition 47's redesignation

subd. (b).) But Hatt did not file a petition to have his sentence recalled under subdivision (a) of section 1170.18; he filed an application to have his conviction redesignated pursuant to subdivision (f). The "risk of danger to public safety" consideration required by subdivision (b) is thus inapplicable. (*People v. Shabazz* (2015) 237 Cal.App.4th 303, 310-311 [describing the different methods for obtaining relief under section 1170.18].)

4

provisions, section 1170.18 includes "a general disqualification [that applies] regardless of when a defendant was convicted of the disqualifying offense." (*Zamarripa*, *supra*, 247 Cal.App.4th at pp. 1182, 1184; see also *People v. Walker* (2016) 5 Cal.App.5th 872, 876-877 (*Walker*) [discussing additional authority]; *Montgomery*, *supra*, 247 Cal.App.4th at pp. 1390-1391 [same].) Had the court denied the continuances here, it would have thwarted this purpose because it could not have denied Hatt's application despite the pending murder charge. By granting the continuances, the court acceded to voters' wishes to make certain that a convicted murderer could not take advantage of section 1170.18. (Cf. *In re Cook* (1944) 67 Cal.App.2d 20, 24-25 [substantial justice to carry out the intent of the Legislature].)

Second, the continuances were useful. (*Beeler*, *supra*, 9 Cal.4th at p. 1003.) The evidence necessitating the continuances—whether Hatt had committed a disqualifying act— was material to his redesignation application. And the prosecution provided the trial court with a reasonable timeline of when the evidence could be obtained: The prosecutor informed the court when Hatt's trial was scheduled to start, and kept it apprised of the trial's progress. The hearing on Hatt's application took place one week after the jury returned its guilty verdict. (*Arnold v. Superior Court* (1971) 16 Cal.App.3d 984, 987 [continuance upheld when trial delayed due to pendency of related proceeding].)

Hatt's claim that the trial court abused its discretion because it misunderstood the law is not persuasive. When the court continued the hearing on Hatt's application, two published opinions—*Montgomery* and *Zamarripa*—had interpreted the phrase "prior conviction" for purposes of section 1170.18,

5

subdivision (i).  Both cases define "prior conviction" as one that occurred before the filing of the redesignation application. (*Montgomery*, *supra*, 247 Cal.App.4th at p. 1391; *Zamarripa*, *supra*, 247 Cal.App.4th at p. 1184.)  Under this definition, Hatt claims he was eligible for relief since he had not been convicted at the time of his application.

But both the *Montgomery* and *Zamarripa* defendants filed their redesignation applications after they suffered disqualifying convictions.  (*Montgomery*, *supra*, 247 Cal.App.4th at p. 1388; *Zamarripa*, *supra*, 247 Cal.App.4th at p. 1182.)  Neither case considered the issue presented here:  whether a defendant who has a disqualifying case pending at the time of filing an application, which becomes a disqualifying conviction before the trial court rules on the application, is barred from relief.  A case is not authority for a proposition not considered. (*People v. Casper* (2004) 33 Cal.4th 38, 43.)  There was no abuse of discretion in continuing the hearing on Hatt's application.

*The June 2017 ruling*

Hatt contends that, even if the trial court did not abuse its discretion by continuing the hearing, it erred when it denied his application because it misinterpreted the phrase "prior conviction" in section 1170.18, subdivision (i).  We disagree.

"When we interpret an initiative, we apply the same principles governing statutory construction.  We first consider the initiative's language, giving the words their ordinary meaning and construing this language in the context of the statute and initiative as a whole.  If the language is not ambiguous, we presume the voters intended the meaning apparent from that language, and we may not add to the statute or rewrite it to conform to some assumed intent not apparent from that

6

language.  If the language is ambiguous, courts may consider ballot summaries and arguments in determining the voters' intent and understanding of a ballot measure." (*People v. Superior Court* (*Pearson*) (2010) 48 Cal.4th 564, 571.)  We independently review matters of statutory construction.  (*People v. Tran* (2015) 61 Cal.4th 1160, 1166.)

Like the courts considering the issue before us, we deem the phrase "prior conviction" ambiguous, and turn to indicia of the voters' intent to decipher the phrase's meaning. (See *People v. Casillas* (2017) 13 Cal.App.5th 745, 751 (*Casillas*); *Walker*, *supra*, 5 Cal.App.5th at p. 876; *Montgomery*, *supra*, 247 Cal.App.4th at p. 1389; *Zamarripa*, *supra*, 247 Cal.App.4th at p. 1183.)  The Voter Information Guide stated that one of Proposition 47's purposes is to "[e]nsure that people convicted of murder, rape, and child molestation will not benefit from this act." (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 3, p. 70.)  The Legislative Analyst stated that "no offender who has committed a specified severe crime [can] be resentenced or have their conviction changed."  (*Id.*, analysis of Prop. 47 by Legis. Analyst, p. 36.)  And proponents of Proposition 47 stated that the proposition "includes strict protections to protect public safety and make sure rapists, murderers, molesters, and the most dangerous criminals cannot benefit." (*Id.*, rebuttal to argument against Prop. 47, p. 39.)  These materials indicate that voters deemed immaterial whether an applicant's disqualifying conviction occurred before, simultaneously with, or after the conviction for which redesignation is sought.

Courts that previously examined these materials reached the same result.  The *Casillas*, *Walker*, and *Zamarripa*

7

defendants all suffered convictions that disqualified them from relief after they were convicted for felonies eligible for redesignation.  (*Casillas*, *supra*, 13 Cal.App.5th at p. 748; *Walker*, *supra*, 5 Cal.App.5th at p. 875; *Zamarripa*, *supra*, 247 Cal.App.4th at p. 1182.)  The *Montgomery* defendant's disqualifying conviction occurred contemporaneously with the conviction eligible for redesignation.  (*Montgomery*, *supra*, 247 Cal.App.4th at p. 1388.)  All four defendants argued that section 1170.18, subdivision (i), did not disqualify them from redesignation because their disqualifying convictions did not occur prior to the convictions for which they sought redesignation.  (*Casillas*, at pp. 747-748; *Walker*, at pp. 874-875; *Montgomery*, at pp. 1388-1389; *Zamarripa*, at pp. 1181-1182.)

All four courts rejected the defendants' arguments.  The *Casillas* and *Walker* courts held that the provisions of section 1170.18, subdivision (i), apply so long as the disqualifying conviction occurs before the trial court rules on the application (*Casillas*, *supra*, 13 Cal.App.5th at pp. 751-752; *Walker*, *supra*, 5 Cal.App.5th at p. 876), while the *Montgomery* and *Zamarripa* courts held that subdivision (i)'s provisions apply so long as the disqualifying conviction occurs before the filing of the application (*Montgomery*, *supra*, 247 Cal.App.4th at p. 1391; *Zamarripa*, *supra*, 247 Cal.App.4th at p. 1184).  Though they couched their holdings in different language, the courts recognized that voters deemed irrelevant the sequence of the disqualifying conviction in relation to the conviction for which redesignation was sought. (*Casillas*, at p. 752; *Walker*, at p. 879; *Montgomery*, at p. 1392; *Zamarripa*, at p. 1184.)  And a close reading of the cases reveals no actual conflict between *Montgomery* and *Zamarripa* on the one hand and *Casillas* and *Walker* on the other:  Because all four

8

defendants' disqualifying convictions occurred before they filed their redesignation applications, substituting "ruling on the application" into the holdings of *Montgomery* and *Zamarripa* and "filing the application" into the holdings of *Casillas* and *Walker* would have no practical effect.

Hatt nevertheless urges us to follow *Montgomery* and *Zamarripa* and to reject *Casillas* and *Walker*. But neither *Montgomery* nor *Zamarripa* considered whether the provisions of section 1170.18, subdivision (i), are triggered if, as here, an applicant has a case pending that involves a disqualifying felony. To extend their holdings to this factual scenario would encourage an accused murderer to take advantage of subdivision (f)'s redesignation provisions prior to suffering a conviction. That outcome directly contradicts the voters' intent.

We conclude that *Casillas* and *Walker* state the rule applicable here: A "'prior conviction[],' as used in section 1170.18, subdivision (i), refers to a conviction suffered any time before the court's ruling on an application to have a felony conviction [redesignated] a misdemeanor." (*Walker*, *supra*, 5 Cal.App.5th at p. 876.) Accordingly, if, at the time of filing an application for redesignation under section 1170.18, subdivision (f), an applicant has a case pending that may result in a disqualifying conviction under subdivision (i), the court may continue the hearing on the application until resolution of the pending case.

Our holding will not permit a prosecutor to continue a matter indefinitely, as Hatt avers. Nothing in our opinion changes the law on when good cause for a continuance exists under section 1050. Nor are we ruling on a case in which a redesignation applicant has no case pending when the application is filed. Our holding simply prevents a narrow class of

9

defendants from attempting to reap a benefit the voters did not intend to sow.

## DISPOSITION

The trial court's June 6, 2017, order denying Hatt's application for redesignation is affirmed.

<u>CERTIFIED FOR PUBLICATION.</u>


TANGEMAN, J.

We concur:


GILBERT, P. J.


YEGAN, J.

Michael Lief, Judge

Superior Court County of Ventura

_____

Todd W. Howeth, Public Defender, William Quest, Senior Deputy Public Defender, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Susan Sullivan Pithey, Supervising Deputy Attorney General, Michael J. Wise, Deputy Attorney General, for Plaintiff and Respondent.