Filed 5/18/21  P. v. Salas CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ALEJANDRO SALAS,<br><br>    Defendant and Appellant. | 2d Crim. No. B309704<br>(Super. Ct. No. 2005034146)<br>(Ventura County) |

In 2005, Alejandro Salas pled guilty to a charge of receiving stolen property.  (Pen. Code, § 496, subd. (a).)[1]  He initially was placed on probation, but was later sentenced to a two-year term in state prison.

In 2020, Salas filed a postconviction motion under Proposition 47 and section 1170.18 seeking to reduce the 2005 felony conviction to a misdemeanor.  He appeals the trial court's denial of that motion.  The court found Salas ineligible for relief

_____

[1] All statutory references are to the Penal Code.

because he has prior "super strike" convictions, as set forth in section 667, subdivision (e)(2)(C)(iv) (hereafter "§ 667(e)(2)(C)(iv)").  (See *People v. Zamarripa* (2016) 247 Cal.App.4th 1179, 1183-1184 (*Zamarripa*).)

We appointed counsel to represent Salas in this appeal After an examination of the record, counsel filed an opening brief which raises no arguable issues.  We advised Salas he had 30 days within which to personally submit any contentions or issues that he wished us to consider.  He subsequently filed a 12-page typewritten supplemental brief.

Because this is an appeal from an order denying postconviction relief, Salas is not entitled to our independent review pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  (*People v. Serrano* (2012) 211 Cal.App.4th 496, 501; *People v. Cole* (2020) 52 Cal.App.5th 1023, review granted Oct. 14, 2020, S264278.) We do, however, consider the issues raised in Salas's supplemental brief.

Salas was convicted of second degree murder and three attempted murders in case No. 2008006111.  (§§ 187, subd. (a), 189; 664/187, subd. (a).)  We affirmed those convictions.  (*People v. Hernandez et al.* (June 24, 2013, B229363) [nonpub. opn.].) Salas's murder conviction was later vacated pursuant to section 1170.95, but we affirmed the trial court's order denying his petition for resentencing on the attempted murder convictions. (*People v. Salas* (Jan. 4, 2021, B301365) [nonpub. opn.].)

Section 1170.18, which was enacted as part of Proposition 47, allows a defendant convicted of certain felony drug and theft offenses to petition the trial court to recall the felony sentence and to resentence him or her to a misdemeanor.  (§ 1170.18, subd. (a).)  The applicable offenses include receiving stolen property if

2

the value of the property did not exceed $950.  (§§ 1170.18, subds. (a) & (b), 496, subd. (a).)

Section 1170.18 does not apply, however, "to a person who has one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290."  (§ 1170.18, subd. (i).)  Among the disqualifying offenses is "[a]ny homicide offense, *including any attempted homicide offense*, defined in Sections 187 to 191.5, inclusive."  (§ 667(e)(2)(C)(iv)(IV), italics added.)

Salas contends the trial court erred by finding he is disqualified from relief under Proposition 47 and section 1170.18. It is undisputed, however, that appellant suffered three "super strike" convictions for attempted murder before seeking reclassification of his 2005 felony conviction.  (See *Zamarripa, supra*, 247 Cal.App.4th at p. 1183.)  None of appellant's arguments can overcome the fact that these prior convictions render him ineligible for the requested relief.  (*Id.*, at pp. 1183-1184; see *People v. Hatt* (2018) 20 Cal.App.5th 321, 328-329.)

The appeal is dismissed.


PERREN, J.

We concur:



GILBERT, P.J.                    YEGAN, J.

3

Nancy Ayers, Judge
Superior Court County of Ventura

_____

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.