Filed 6/21/21  P. v. Woodson CA3
Opinion following transfer from Supreme Court

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C079633 |
| Plaintiff and Respondent, | (Super. Ct. No. CM009513) |
| v. | OPINION ON TRANSFER |
| DEMETRIUS PATRICK WOODSON, | |
| Defendant and Appellant. | |

Defendant appeals from the trial court's denial of his petition pursuant to Proposition 47, the Safe Neighborhoods and Schools Act (Proposition 47) for resentencing on his 1997 conviction of receiving stolen property (Pen. Code, § 496).[1] The trial court denied defendant's petition on the ground that defendant was ineligible

---

[1] Further undesignated statutory references are to the Penal Code.

1

based on his contemporaneous 1997 conviction for first degree burglary (§§ 459, 460) for which he was sentenced to a term of 25 to life under the Three Strikes law.

On appeal, defendant asserts that the trial court erred in concluding that his first degree burglary conviction, which occurred contemporaneously with his conviction of receiving stolen property for which he was seeking Proposition 47 relief, was a "prior conviction" within the meaning of section 1170.18 and in concluding that the first degree burglary conviction constituted a disqualifying "super strike" within the meaning of section 667, subdivision (e)(2)(C)(iv)(VIII). Defendant further asserts that, contrary to the People's contention, he did not bear the burden of proving the value of the stolen property received was $950 or less in order to establish his prima facie eligibility for Proposition 47 resentencing. Finally, defendant asserts the trial court, in originally sentencing him, imposed an unauthorized sentence by imposing two prior prison term enhancements (§ 667.5, subd. (b)), and two prior serious felony enhancements (§ 667, subd. (a)), based on the same two convictions.[2]

In our original opinion, we concluded defendant's prior conviction did not disqualify him from Proposition 47 resentencing, but further concluded he failed to demonstrate his prima facie eligibility for resentencing. We therefore affirmed the denial of defendant's petition. We also modified the underlying judgment to strike two of defendant's four section 667.5, subdivision (b), prior prison term enhancements.

_____

[2] In connection with this contention, we deemed defendant's motion for this court to take judicial notice of his abstract of judgment and his probation report to be a motion to augment the record to include those items and, as such, granted the motion.

In addition, in the respondent's brief, the Attorney General requested that we incorporate by reference the record from defendant's original appeal from the judgment. We deem it unnecessary to do so for purposes of this appeal and, accordingly, deny the request.

2

Our high court granted defendant's petition for review and transferred the matter back to us with directions to vacate our decision and reconsider whether the trial court's order denying defendant's petition should be affirmed without prejudice to defendant filing a subsequent petition that offers evidence of his eligibility for the requested relief.

We affirm the trial court's denial of defendant's petition, but do so without prejudice to defendant filing a successive petition that supplies evidence of his eligibility for resentencing. And we modify the underlying judgment to strike two of defendant's four section 667.5, subdivision (b), prior prison term enhancements.

## FACTUAL AND PROCEDURAL BACKGROUND[3]

### Defendant's Convictions, Sentence, and Original Appeal

In 1997 in Butte County, a jury found defendant guilty of first degree burglary (§§ 459, 460) and receiving stolen property (§ 496, subd. (a)). In a bifurcated proceeding, the trial court found true allegations that defendant had two prior serious felony convictions within the meaning of section 667, subdivision (a), and that he served four prior prison terms within the meaning of section 667.5, subdivision (b). The trial court sentenced defendant to an aggregate term of 39 years to life in prison, calculated as follows: 25 years to life for defendant's burglary conviction as a third strike within the meaning of the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12), two five-year enhancements for each of the two prior serious felony convictions (§ 667, subd. (a)), and four one-year enhancements for each of defendant's four prior prison terms (§ 667.5, subd. (b)).

In an unpublished opinion (C029262), this court affirmed defendant's convictions of first degree burglary (§§ 459, 460) and receiving stolen property (§ 496).

---

[3] We dispense with a recitation of the underlying facts as they are not pertinent to any issue presented on this appeal.

3

## Defendant's Proposition 47 Petition

Following the enactment of Proposition 47, defendant filed a petition seeking resentencing on his 1997 convictions of receiving stolen property (§ 496) and first degree burglary (§§ 459, 460). Defendant stated that he was currently serving a sentence on those counts.

Defendant asserted that, notwithstanding the fact that one of his convictions was defined as a violent felony in section 667.5, subdivision (c), or a serious felony in 1192.7, subdivision (c), he was entitled to resentencing because there "were/are no actual elements that the petitioner ever entered an inhabited dwelling with the intent to commit larceny." Defendant maintained: "[T]here was no actual burglary committed by the petitioner." He also asserted that he had no prior convictions which would render him ineligible for resentencing under Proposition 47.

Defendant further asserted that resentencing him would not pose an unreasonable risk of danger to public safety. He emphasized that, in his more than 17 years of incarceration, he had received a number of self-help diplomas, had not been disciplined, and maintained a high grade point average in a community college program, as demonstrated through the exhibits attached to defendant's petition.[4] He did not submit any evidence in support of the petition relevant to the value of the stolen property received.

## Denial of Defendant's Petition

In proceedings before the trial court, the prosecutor, citing section 667, subdivision (e)(2), stated that defendant was "a three-striker on 459 firsts, so he's not eligible." The prosecutor continued: "He is sentenced to life in prison based on repeated 459 firsts. Which makes him fall within the life exclusion, which is set forth in Prop 47."

---

[4] Defendant's positive prison programming is commendable, but it is not pertinent to the issues we must decide here.

The prosecutor also asserted that defendant was essentially attempting to relitigate his convictions. The trial court orally ruled: "Petition is denied. Ineligible based on a prior conviction." Subsequently, in a minute order, the trial court denied defendant's Proposition 47 petition, reiterating that defendant's petition pursuant to section 1170.18 was ineligible based on a prior offense/conviction.

## DISCUSSION

### I. Proposition 47 Eligibility

### A. Applicable General Provisions of Proposition 47

"On November 4, 2014, the voters enacted Proposition 47 . . . , which went into effect the next day. (Cal. Const., art. II, § 10, subd. (a).)" (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) Proposition 47 created a resentencing provision, codified in section 1170.18, which provides that a person currently serving a sentence for certain designated felonies may petition for recall of the sentence to reduce the felony to a misdemeanor. (§ 1170.18, subds. (a), (b).)[5]

Section 496, subdivision (a), as amended by Proposition 47, provides, in part: "Every person who buys or receives any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any property from the owner, knowing the property to be so stolen or obtained, shall be punished by imprisonment in a county jail for not more than one year,

---

[5] Section 1170.18, subdivision (a), provides: "A person who, on November 5, 2014, was serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act."

or imprisonment pursuant to subdivision (h) of Section 1170. However, if the value of the property does not exceed nine hundred fifty dollars ($950), the offense shall be a misdemeanor, punishable only by imprisonment in a county jail not exceeding one year, if such person has no prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290."

## B. Disqualifying "Prior Conviction"

### 1. "Prior Conviction" Defined

Subdivision (i) of section 1170.18 states: "This section does not apply to a person who has one or more *prior convictions* for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290." (Italics added.) Section 667, subdivision (e)(2)(C)(iv), in turn, lists as a circumstance therein where "[t]he defendant suffered a prior serious and/or violent felony conviction, as defined in" section 667, subdivision (d), for any of an enumerated list of felonies, including "[a]ny serious and/or violent felony offense punishable in California by life imprisonment or death." (§ 667, subd. (e)(2)(C)(iv)(VIII).) First degree burglary (§§ 459, 460) is a serious felony within the meaning of section 1192.7, subdivision (c), and section 667.

Defendant asserts that the trial court erred in finding him ineligible for resentencing on his receiving stolen property conviction (§ 496) on the ground that he was serving a term of life in prison under the Three Strikes law for first degree burglary (§§ 459, 460) with two prior strike convictions. Defendant asserts that his *current* first degree burglary did not disqualify him because it was adjudicated at the same time as the receiving stolen property conviction for which he is seeking resentencing and is thus, not a "prior conviction."

At least two published cases have interpreted the meaning of the term "prior conviction" in section 1170.18, subdivision (i) to include any convictions that take place

prior to defendant filing a section 1170.18 petition. (*People v. Montgomery* (2016) 247 Cal.App.4th 1385, 1391-1392; *People v. Zamarripa* (2016) 247 Cal.App.4th 1179, 1184.) At least three courts have held that "prior conviction" means a conviction that occurred at any time before the trial court's ruling on the section 1170.18 petition. (*People v. Hatt* (2019) 20 Cal.App.5th 321, 324, 328 (*Hatt*); *People v. Casillas* (2017) 13 Cal.App.5th 745, 751-752; *People v. Walker* (2016) 5 Cal.App.5th 872, 876.)

We agree with the aforementioned cases. The voters did not deem the sequence of the disqualifying conviction in relation to the conviction for which redesignation was sought to be relevant. (*Hatt, supra,* 20 Cal.App.5th at p. 328.) We conclude that defendant's conviction of first degree burglary, contemporaneous with the conviction of receiving stolen property for which he seeks Proposition 47 resentencing, was a "prior conviction" within the meaning of section 1170.18, subdivision (i).

### 2. Offense Punishable by Life Imprisonment

However, defendant also asserts that the life sentence he is serving in connection with the conviction is not a disqualifying life sentence within the meaning of section 667, subdivision (e)(2)(C)(iv)(VIII) because his current first degree burglary conviction is not an *offense* punishable by life imprisonment or death. Instead, he asserts that his sentence of 25 years to life resulted from his *status* as a third-strike recidivist. Defendant maintains that an " '*offense* punishable by life imprisonment' " within the meaning of Proposition 47 and section 667, subdivision (e)(2)(C)(iv)(VIII), is one that, "because of conduct involved in the commission of the offense itself, [is] punishable by a life term." (Italics added.) We agree with defendant and conclude that he is not disqualified from Proposition 47 resentencing under section 1170.18, subdivision (i), based on his first degree burglary conviction.

In *People v. Hernandez* (2017) 10 Cal.App.5th 192, the Court of Appeal for the Sixth Appellate District concluded that the phrase "offense punishable in California by life imprisonment or death" in section 667, subdivision (e)(2)(C)(iv)(VIII), "means an

7

offense that itself has an associated statutory punishment of life imprisonment or death, not an offense such as robbery, which has an associated statutory punishment of two, three, or five years. An offense such as robbery is not converted to an 'offense punishable in California by life imprisonment or death' [citation] by virtue of the fact that the particular offender has two prior serious or violent felony convictions." (*Hernandez*, at p. 202.) We agree with the *Hernandez* court's interpretation of section 667, subdivision (e)(2)(C)(iv)(VIII), and apply it in the context of Proposition 47. Based on *Hernandez*, the Attorney General has withdrawn his contention that defendant's first degree burglary conviction disqualified defendant from Proposition 47 relief.

Having concluded that defendant's prior first degree burglary conviction is not a disqualifying prior conviction under section 1170.18, subdivision (i), we turn to whether defendant's petition established prima facie eligibility to resentencing under section 1170.18, subdivisions (a) and (b).

## II. Deficiency of the Prima Facie Showing – $950 Value

The People assert defendant is not eligible for Proposition 47 resentencing because he failed to offer any evidence to demonstrate that the stolen property he received was worth $950 or less. Prior to and pending this appeal, numerous courts have held it is the defendant's burden to establish eligibility, including that the stolen property had a value of no more than $950. (See *People v. Perkins* (2016) 244 Cal.App.4th 129, 133, 136-137, 139-140 (*Perkins*); *People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 449-450; *People v. Sherow* (2015) 239 Cal.App.4th 875, 877, 880 (*Sherow*).) In his reply brief, defendant conceded that the case law established that the burden is on the Proposition 47 petitioner to establish his or her prima facie eligibility for resentencing, including making a prima facie showing that the value of the stolen property was no more than $950. However, defendant urged that these cases are wrongly decided and asserts that we should not follow them. After briefing was concluded in this case, our high court settled the issue, concluding that the defendant bears the burden of establishing his eligibility,

8

including that the property was valued at $950 or less. (*People v. Page* (2017) 3 Cal.5th 1175, 1188 (*Page*); *People v. Romanowski* (2017) 2 Cal.5th 903, 916.)

Because defendant failed to satisfy his prima facie burden in support of his petition for resentencing, the trial court properly denied the petition. We will therefore affirm the denial of the petition.

## III. Denial of Petition Is Without Prejudice to Filing a Subsequent Petition

In his supplemental brief filed after our high court transferred the matter back to us, defendant asserts our affirmance of the trial court's denial of the petition for resentencing should be without prejudice to defendant filing a new petition in which he can furnish evidence of the stolen property's value. Defendant relies on *Page, supra*, 3 Cal.5th 1175, *People v. Johnson* (2016) 1 Cal.App.5th 953 (*Johnson*), *Perkins, supra*, 244 Cal.App.4th 129, and *Sherow, supra*, 239 Cal.App.4th 875.

After initially failing to file a supplemental brief following the transfer of the matter back to us, the Attorney General requested leave to file a late supplemental brief, which we granted. In the late-filed supplemental brief, the Attorney General agreed the petition should be denied without prejudice to defendant filing an amended petition in which he can furnish evidence of his eligibility for Proposition 47 relief.

We, too, agree the petition should be denied without prejudice.

As stated in *Johnson*, the case cited by our high court in transferring the matter back to us: "In *Perkins, supra*, 244 Cal.App.4th 129, our colleagues in Division Two affirmed the trial court's order denying the defendant's section 1170.18, subdivision (a) petition on the basis that the defendant did not meet his burden of providing evidence of his eligibility for Proposition 47 relief—in particular, evidence that the value of the property at issue did not exceed $950—on his felony conviction for receiving stolen property under section 496, former subdivision (a). [Citation.] Like *Sherow*, however, the affirmance was without prejudice to the petitioning defendant filing a new petition that offered *evidence* of his eligibility. [Citations.] The *Perkins* court reasoned that

9

Proposition 47 is silent as to the burdens associated with petitioning for relief, and neither at the time the petitioning defendant filed his petition nor at the time the trial court ruled on the petition had any appellate court provided guidance to the trial courts or the litigants as to the burden of establishing eligibility. [Citation.]

"As these two authorities advise, a proper petition from Johnson 'could certainly contain at least [his] testimony about the nature of the [stolen property]' [citation] and 'should describe the stolen property and attach some evidence, whether a declaration, court documents, record citations, or other probative evidence showing he is eligible for relief' [citation].

"We agree with the reasoning in *Perkins* and the results reached in *Sherow* and *Perkins*. Accordingly, our affirmance of the order denying Johnson's section 1170.18, subdivision (a) petition is without prejudice to the superior court's consideration of a subsequent petition that contains *evidence*—not limited to the record of conviction—of Johnson's eligibility for relief under Proposition 47." (*Johnson, supra*, 1 Cal.App.5th at pp. 970-971, fn. omitted.)

Defendant is situated similarly to the defendants in *Johnson*, *Perkins*, and *Sherow*. At the time he filed his petition in March 2015, and when the trial court ruled on it in May 2015, there was no appellate court guidance as to the burden of establishing eligibility for Proposition 47 relief. For the reasons discussed in these cases, we shall affirm the denial of defendant's petition without prejudice to his filing a subsequent petition with evidence, not limited to the record of conviction, relevant to his eligibility for Proposition 47 relief.

### IV. Unauthorized Sentence

Defendant asserts that the trial court imposed an unauthorized sentence in originally sentencing him on the underlying convictions. Specifically, he asserts that the sentence the trial court imposed is unauthorized because the two five-year prior serious felony enhancements and two of the one-year prior prison term enhancements were

10

imposed for the same convictions. He asserts that the trial court should have imposed either the prior serious felony conviction enhancements or the prior prison term enhancements for two of his priors, not both sets of enhancements. The People concede that the trial court may not rely on the same prior conviction to impose both a five-year prior serious felony enhancement and a one-year prior prison term enhancement. Asserting that only the greater enhancement should be imposed, the People contend that the two one-year prior prison term enhancements should be stricken.

An appellate court with jurisdiction can correct a legal error resulting in an unauthorized sentence at any time. (*People v. Sanders* (2012) 55 Cal.4th 731, 743, fn. 13; *People v. Scott* (1994) 9 Cal.4th 331, 354 & fn. 17.) Thus, we address defendant's contention notwithstanding the fact that he raises it for the first time here.

"California law makes plain an intent that certain recidivism be severely punished." (*People v. Jones* (1993) 5 Cal.4th 1142, 1152-1153 (*Jones*).) However, our high court stated: "the voters did not specify that enhancements under sections 667 and 667.5 were both to apply to the same prior offense; rather, subdivision (b) of section 667 and the rules of statutory construction lead us to the opposite conclusion." (*Jones*, at p. 1153.) Thus, a particular prior conviction cannot serve as the basis for both a five-year enhancement pursuant to section 667, subdivision (a), and a one-year enhancement pursuant to section 667.5, subdivision (b). "[W]hen multiple statutory enhancement provisions are available for the same prior offense, one of which is a section 667 enhancement, the greatest enhancement, but only that one, will apply." (*Jones*, at p. 1150.) Thus, because two of the four prior prison term enhancements imposed were based on the same two convictions as those which served as the bases for defendant's two prior serious felony enhancements, those two prior prison term enhancements must be stricken.

## DISPOSITION

The order denying defendant's petition for recall of sentence and for resentencing under section 1170.18 is affirmed without prejudice to defendant filing a successive petition that supplies evidence of his eligibility for resentencing.  Defendant's judgment is modified to strike the prior prison term enhancements imposed pursuant to section 667.5, subdivision (b), associated with his 1985 and 1988 first degree burglary convictions.  The trial court is directed to prepare an amended abstract of judgment omitting these two one-year prior prison term enhancements and to forward a certified copy to the Department of Corrections and Rehabilitation.


/s/
MURRAY, J.


We concur:


/s/
BLEASE, Acting P. J.


/s/
DUARTE, J.